Next case will be 08-1259, Vehicle IP v. General Motors Corporation and Selco Partnership. May I please report? I'm Frank Porcelli for Vehicle IP. District Court denied a fair trial to the plaintiff because it ruled on summary judgment incorrectly that two terms were construed in a way to find non-infringement. The notification region and then the term coordinate. And misapplied them to the undisputed facts of our systems, of the accused systems. Let me turn first to the problem here with what the defendants and the district court have done. And that is the district court effectively found in the case of the notification region both prosecution disclaimer and what has been called specification disclaimer. Can I ask a threshold question to that discussion? It seemed to me, so maybe I wasn't reading it correctly, that at least in your gray brief there was a suggestion that what the district court held was not that it excludes absolutely simply the maneuvering point or whatever we want to call it, but also anything near the maneuver point or the driving event. You seem to be attacking the near issue and it wasn't clear to me that that's really what the district, I read the district court as being limited to at the driving event, not near the driving event. Correct. So am I right in how I'm reading what you said in the gray brief? Or what is it that you're attacking with respect to the district court's opinion? Well, I think that's a good question, Your Honor, because I wanted to make a point anyway. There was a false factual premise in where the district court went wrong in its claim construction. And that was that the driving event is itself a point. And therefore, the court said when you have the maneuver point in these systems square on the driving event point, that's stupid. And that was the court's view, and that's why it excluded that. But if you look at the GM brief at page 24, the red brief, I think you'll see where the district court went wrong there, and you'll understand what we're saying in this case. 24 is inaccurate in one respect. It attempts to be attorney argument on what the example in the patent shows, and we'll get to that. But the important point of 24 is GM correctly did one thing, and that is they distinguished between the maneuver point and the driving maneuver, or what our patent calls the driving event, or upcoming driving event. And you'll see the driving maneuver isn't a point. It's like a space. And you'll see in their system they're admitting there that their maneuver point isn't right square on the driving event. It's near, and in fact, at most, the specification is saying these coordinates are near. So to the extent that that's true, we don't have a problem. But what we think the district court was saying was the defendant's devices have maneuver points that are square on a point that is the driving event, and that's not true. But putting that aside, the district court basically construed that claim to, in her mind, specifically exempt these two systems because she believed that they are right at the east. But was her construction to exclude the maneuver point or anything near the maneuver point? Yes. But was it anything near the maneuver point or just the maneuver point? Just the maneuver point. Okay. Because, you know, and that gets to the whole point here. There's nothing in either the file history or the specification to support that exception, that exclusion that the district court made. And we know the burden that the district court had is high. As this court has said many times, to find it in the file history, you have to be clear and unmistakable disavowal to be a prosecution disclaimer. And to find it in the specification, the Conoco case, and I regret that it was not cited in our appeal brief, but it is cited in the record in the lower court brief at A1424, says that for a statement in the specification to be a disclaimer, it's got to show a clear intention to exclude something. Now, there is nothing in the specification that talks about maneuver point. In fact, that's really an aspect of the defendant's advice. The specification is just talking about the driving event. Secondly, there's – Is there a difference, in your view, between a maneuvering point and a driving event? Well, as I said, GM's portrayal is correct. A driving event can be from, you know, on a cloverleaf, a driving event could be a very long, sweeping turn. At an intersection, it might be, you know, part of the turn when you're going in and then the right turn. But it's never a point. The devices the defendants have can't do that, so they have to select a point, a coordinate. And it is near. And even if it were at our position, you know, if hypothetically it were at, so what? What the district court missed was the whole purpose here. The purpose of that maneuver point, or the purpose of having a notification coordinate there, is not to suddenly spring the warning light. It's to define a region that starts, for example, in Patton, 100 feet out, and goes to that point. Now, the principle here is you want to give the warning before the person gets too far. And in this thing, it's obvious that better late than never. Satellites are not... Satellites, it's not perfect. If you're in New York City and you have a cell phone, like the Verizon system, you may not hit the satellites because of skyscrapers. So you may drive a while and the satellite's not reading you. The idea of the notification region, and this is the point that this court has said often, you look at things in the context of technology. Technology wasn't perfect. It's getting better. Is it still the case that the Defense Department potentially limits the accuracy? No, they stopped doing that. That's correct. But you still have problems. I think it was 2000. It was after the filing date of the patent. But the change doesn't solve the problem here. It could be atmospherics. It could be just errors in the data. It could be tall buildings. These things aren't perfect. So you can't just rely on a single point. You have to have a region. And the best way to define that region is certain map away from the event to the event. Why? Because that gives you the maximum possibility of getting the warning. Remember, better late than never. If you never get the warning at all, you are worse off than if you get it real close. When you talk about the region, let me focus in on the language from the claim that's concerning me. A notification region defined by plurality of notification coordinates. Now, I can understand how a region can be defined by, let's say, just to make it simple, four Cartesian coordinates. But how can a region, as we're using it here, be defined by one set of Cartesian coordinates and a scalar? That would seem to me to describe nothing. You have two points when you have a scalar and a coordinate. For example, the maneuver point. No, you have a circle. A scalar describes a circle around the Cartesian coordinate. You're absolutely correct. But the one thing that these systems assume... You're not claiming the circle is the region, right? Not in the accused device is the circle, nor is it in the drawing that we put in the... I mean, the drawing that we submit, our expert, Dr. Goldberg, said, was an accurate representation of the example in column 18, which is simply that small region from 100 feet to the maneuver point. What we are saying is that the reality of this technology is such that you don't have lines or points. You have regions. If you note, Your Honor, the words substantially correspond in that key part of the claim, second paragraph. But that's the next paragraph. Yes, and the substantially correspond is referring to the fact that this technology isn't perfect. Well, I understand, but... But you have regions by definition. Let's do it on this first paragraph, because that's where I'm getting hung up. It seems to me that... Well, to cut to the chase here, it's not clear to me how the defendant's devices send down notification coordinates that define a notification region as you use the term region, because all they send down are, as I understand it, one point location and a distance. But that distance from a known point creates another known point. Now, it's not... No, no, I thought we just... I haven't finished my answer on that. Okay, fine. Let me finish my answer. It's implied, it's assumed, you're starting from A to B, okay, and the satellite is downloading the segments going from A to B. That's all done by the server, and that's sent to the car. It's presumed that you're on the road. In other words, the circle implies that you are just totally in outer space. The assumption in all these systems is practicality. You're on the road. If you're on the road, the offset defines a specific point. So what you're really saying is, it may be that a scalar plus a specific Cartesian coordinate point do not define a region in two-dimensional space, but they do in one-dimensional space. And you're talking about one-dimensional space here when you're talking about a road. Is that your point? Well, yes. I mean, the road takes care of the other dimension. I mean, because you... In other words, you're right. It would be a circle if you weren't on a road. But once you're on a road, you've now limited your region to the road and then the two points at the end. You have a notification region, and that's how both their systems work. So... Well, I know that's how the systems work. The question is... Does that explain... Does your claim require more than what they download? That's where... That's what's difficult. Okay. All our claim requires is we download a region defined by at least two coordinates. Now, they argue that the scalar, or they call it a scalar. It's an offset. Now, one of the coordinates is the location of... What they call the maneuver point. Event. Driving event. Well, it's that over here. All right. Let's call it the maneuver point. That's one coordinate, right? Correct. And the other coordinate, you're saying, is the scalar. And then they download what they call the offset, or they call maximum construction distance. That you say is the other coordinate for purposes of this claim language? What's that? You say that that number, that scalar number, is the other coordinate for purposes of this language. Absolutely. Because if you look at what the district court's construction was, Your Honor, the court... We're not really arguing with the court's construction of coordinate. It said a coordinate is a set of numbers that provide the location of a point. And then it went on and said, kind of another interpretation of that, it said, well, that means that a coordinate has to have a partner.  together they provide the location of a point. Now, you have that distance offset. What's the partner that provides the location of the point? It's the location of the maneuver point. Because you are 600... No, it can't be, right? It has to be, the partner has to be the fact that you're talking about one-dimensional space. Right? Because the location of the maneuver point doesn't tell you anything about the exact location of the point, the other point, based on the scalar. Because, again, we have a circle. We have an infinite number of points. The only reason the scalar gives you an exact point is because, by hypothesis, you're in one-dimensional space, a line. Well, you're on a road. Yes, you're on a road. So you need that. Right. And these systems... I mean, the assumption in the patent is that you're on the road. And think about this. You are downloading segments of directions. So the presumption is that these systems assume... For example, you get the third segment, Your Honor. The assumption here is you already did the first and second segments correctly. You are in the right place when you start that next segment. Otherwise, the whole system's break don't make any sense. So think about that. You're in the right place. You're on the road. And the system says, Okay, when you are, for example, 600 meters from the maneuver coordinate, we're going to allow the warning to be given. That's an infringement. That's all the claim requires. Because you have two coordinates. The coordinate here is the offset. The other coordinate that helps define that point is the maneuver point. There's only one point on the road, only one location on the road that meets that criterion. So the circle thing is gotten rid of in the reality of these systems because they all assume you're on the road and you've done the previous segments correctly. Why don't we listen to the other side now? We'll give you a rebuttal time back. Mr. Belusco? Yes. May it please the Court. The District Court got it right with respect to notification coordinates. Notification coordinates have two requirements. One, they provide notification. The second, they be a coordinate. And that really has to be a geographic coordinate. With respect to that function of being a notification coordinate, I think the emphasis has to be placed upon the second time that the terms show up in the claim, in Claim 1. Very specifically, that there's an automatic provision of the next segment if the location of the mobile unit substantially corresponds to a notification coordinate defining the notification region associated with that segment. So the claim is actually crafted in terms of correspondence between the mobile unit location and a notification coordinate. That's very important in a couple of ways. First off, this idea that the driving event, maneuver point, it's one and the same. Our system is the same. Our maneuver point is that driving event. It can't be the place to provide notification. And that's very specific because we have in the specification language that tells us this. In the specification, of course, it talks about the driving event being only in near proximity to a notification coordinate because the notification coordinate has to be in near proximity to an upcoming driving event. The notion being it's something in advance of that point. It's too late. As the judge pointed out in the system, to have one of your notification coordinates defining the very point that you should have turned at. That's just simply too late. And I think, you know, Phillips, the best evidence of what the terms mean is the specification here. And it says what it is and it certainly is not the maneuver point or the driving event itself. Also, the second clause talks about why things have to be a coordinate. How do you compare things that aren't themselves a location? As Your Honor pointed out, a scaler can't compare anything. If I say it's 100 feet, well, what does that compare to anything? The language of the patent... But it can tell you something important depending on the circumstances. If you know the location of this nameplate and you know that your concern is only with the top of this bench, then 10 feet in front of this nameplate tells you something pretty specific. It tells you that you're about at Judge Prost's nameplate. That's true, Your Honor, but now you're adding a vector in there as well as just the scaler. Well, clearly the vector is provided by the reference to notification versus realization. So the vector, let's assume the vector is before the moving vehicle gets to the point of interest. So we've taken care of vectors, so we go from two points down to one. Well, let's look at that in terms of how the term is used in the specification again. If we go to the specification, and I refer you to A60 for this, Your Honor, at column 29, line 64, it talks about the mobile unit, this comparison. The mobile unit gets a GPS coordinate. Well, that's a lat-long positioning, and it has to then be compared to a notification coordinate. Well, in order to compare anything like that, what do you have to do? You have to have apples to apples to make a comparison. They both have to be, according to the claim, lat-long or a geographic sense in order to compare two things. Now, this is also consistent with the usage in the specification where they talk about one of the virtues here is that you independently can determine where you are because the notification coordinates, according to A2191 and A2253 and 54, talk about notification coordinates are independently set up. They're not in terms of any geographic specific point like an intersection or anything like that, and they are compared again independently to the location of the mobile unit. So in order to have an apples to apples comparison here, the coordinate has to be something like an ordered pair, xy, lat-long, whatever you want to use for that, and that's the way the claim language is set up, and it's consistent with that throughout. But one thing that this notification coordinate cannot be is that maneuver point. That's very consistent with the specification. This isn't a case that we require disclaimer on. As we put out in our brief, page 33 of our opposition brief, we said we don't need a prosecution history disclaimer here. The term's already constrained by the very specification that it's only in near proximity to an upcoming driving event, so the upcoming driving event's not one of those. I'm having a hard time with that argument because near proximity seems to me, unless you're using the term in an extremely precise way, but normally you would say if... One would ask if, for example, you were enjoined or were told, you may not be found in near proximity to the National Courts Building. You'd, I think, be fairly in violation of that by standing inside the building. Well, but, Your Honor, I think I'd give you the example of... give you a personal space. I can be in proximity to you, but I can't be at. No, but... And similarly here, let's think about the purpose of this. It's supposed to be in advance, not at it. Well, sure. That's the whole purpose here, and I think, you know, the Apple case is you inform what these claimed terms mean in terms of how they're used here, and this is something that's supposed to occur in advance, to give you notification in advance, and that's another part of this. It's a notification coordinate. So my suggestion... The idea that it's ludicrous to have notification which occurs immediately before the driving event arrives seems to me questionable. I mean, if there were some reason that the system was failing to give me notification when I first came into the region, I would still want to know. I mean, a failure of the GPS system, transmitter, whatever. I would still want to know as I approached very closely to the intersection where I was supposed to turn, that I was supposed to turn even though I may be only 10 feet from the place I'm supposed to turn, rather than being given radio silence as I fly by the intersection. Well, that's interesting because our system doesn't provide you that notification. Does or doesn't? Does not. Does not. Because it never is a trigger for any notification of that segment that's upcoming in any sense. As a matter of fact, our maneuver point isn't a notification. It doesn't give notification like that at all. So this is kind of interesting because if you really look at our system, it's a real-time system. It's nothing that's coming downloaded. It's a real-time system that's doing calculations on the fly, constantly comparing the position of the cell phone to the driving event or maneuver event, and it's making the determination, a smartphone, when to give notification because it's looking how fast are you going. You know, if you're on a freeway and you're driving 100 miles an hour, you need that notification a lot earlier. But what do you send down? What we send down is the maneuver point itself and a scalar distance. Okay, so you do send down the scalar. But wait. The scalar distance is only a max instruction distance. It is not used in most instances. As a matter of fact, the phone takes that as one thing, and all the max instruction distance does sometimes is suppress the giving of the notification because they think it's too early. I understand. If you're poking along at 5 miles an hour, you don't want to get it half a mile ahead. I understand. So it's not a notification scalar even. It's just information that the phone is using in real time to then figure out what it's going to do. So we don't have any notification coordinates in the true sense of notification. Now, with respect to your idea on the region, that's something we picked up on. I think a region is something more than talking about a scalar and a maneuver point, which we don't think the maneuver point can be one of the two notification coordinates anyway. But it's defining a region here and a region, the usual connotation of that would be some kind of an area. No. But you could have a region on the line. The region on the x-axis between x equals 1 and x equals minus 1 is, a mathematician would not have great heartburn about that definition. But, Your Honor, I would point out that in connection with the specification here, they say notification coordinate can define four things. They give four specific things. Notification region is just one of those. A coordinate, a specific coordinate is another. A location, a zone. They talk about four things, but when they claim this, they only claim the one. I'll hear from Mr. Retzke now. Yes. May it please the Court. I have only a few points I'd like to make, Your Honors. First of all, the GM OnStar system operates in the same way as the system just described for Verizon. Nothing occurs at the maneuver point. There's no notification. Nothing. It is, in fact, downloaded, but it is not used   in the GM OnStar system to provide any form of notification. The offsets are scalers, just in the sense that they were described by Mr. Belusco. The offsets are used to calculate in the vehicle the timing of the notification. It's not the basis for the notification. The vehicle has information that it only has, vehicle speed, estimated time to arrival at the driving event. Based on that, it determines when to make the notification. You say it's downloaded but not used, but it could be used, right? It could be used. It is used. It is not the basis, though. Well, it's not the sole basis. It's not the sole basis. But the notification is a function, in part, of the scaler that's downloaded, correct? That's correct. Now, one thing we didn't address and is really the sole basis for, I think, VIP's complaint is what this one sentence says in the specification. And this is the sole embodiment argument that they raise in their briefs so often. Well, we dispute, first of all, that it is an embodiment at all. It's really more of an example. But at the end of the day, it just doesn't say what VIP says it says. They take this notification region being 100 feet in advance, and they are reading into that things that just don't exist. First of all, it doesn't say anything about the location of the notification coordinates. It talks about the location of the region, but there's nothing in that language, there's nothing in that sentence that says where a notification coordinate needs to be. It doesn't say anything. It definitely doesn't say that the maneuver point would be a notification coordinate, much as VIP is trying to claim. It's just not there. It's just not in those words. And the specification actually says the opposite. As we've already discussed, the specification talks about coordinates being in near proximity to the upcoming turn or exit. So it also doesn't say anything about the shape. They want to say that that specific embodiment, as they call it, defines a region of 100 feet from 100 feet out to the maneuver point. It doesn't say that. It doesn't say that anywhere in that language. It doesn't say that the shape has to be an area. It doesn't have to be a line. They are reading in words into this one sentence in the specification that they pretty much hang their entire case on that just don't exist in that language. Is that, remind me, is that the example, is that on column 18, am I looking at the right? Yes, it's in column 18. Line 18 or so? Yes. Okay. Let me just make sure. It starts at 18 to 23. Yeah, if you go all the way, it's 23, but they really focus just about to 21. I got you. Okay. It just doesn't say anything about the location of the coordinates in that statement. I just want to point out one last thing that was raised. VIP claimed here just a moment ago when you were asking questions, Judge Bryson, about the road, and again your example to Mr. Pelusco about your nameplate and the surface. There was a very big dispute in the district court about whether the patent actually described how to do that, and we say it did not. In fact, our expert in the statements that they quote in their reply brief was providing his opinion that that coordination of the vehicle to the road is not taught in this patent at all. That's actually called, it's a very complicated process called map matching.  And this application does not teach a person of ordinary skill how to place the vehicle on the road. But isn't that an enablement problem? It is an enablement problem, and that's how it came up. Well, go ahead. But they're claiming that their claim should be interpreted now as the scaler, the offset, being on the road, when in fact their patent can't even support that. It doesn't teach how to do that. So you can't interpret those claims from an enablement perspective to cover the road. Really, all you do have is the circle, as Judge Bryson aptly pointed out at the very beginning. That's all you know here. The vehicle can be approaching from any direction and will get the same instruction with their system, with the claimed invention. It'll say turn left on Main Street, but what if you're coming from the opposite direction? You'll still get the notification 100 feet out because they can't tell you that you're on the road. They want to assume that you're in segment 2, 3, or 4, or 5, but what about that first segment? The first segment's got to get you on the road, and they can't do it. So I just want to emphasize that the GM system, the sole embodiment, I'm sorry, in the GM system, the maneuver point is not, again, used for notification purposes, and the offset is also only, as you point out, a factor, but it is not the determining factor. As the claims require, there needs to be substantial correspondence to a notification coordinate. It doesn't say a notification coordinate plus a lot of other stuff that's in the vehicle. The claim says substantial correspondence to a notification coordinate, which means any notification coordinate, and in fact, I don't think you want to know at the very last moment that if you're driving 50 miles an hour, turn right right now. I mentioned that to my wife, and she said, frankly, that would be kind of annoying. It might even be unsafe to tell somebody, you just are supposed to turn right exactly at this moment. Thank you, Your Honors. We ask that the district court's decision be affirmed. All right. Thank you. Your Honor, there's a misunderstanding in the claim construction by the defendants. Notification coordinate is not defined, even by the district court, as that which provides notice. Yes, the word notification is there, but the definition of notification coordinate, even as the district court used it, was that which defines a notification region, and that's what's at issue here. They download a region. They download that region either from their maximum obstruction distance to the maneuver point or from, in GM, the distance offsets to the maneuver point. And Mr. Belusco made exactly the right point when he said, well, no, it just suppresses a warning. But of course it suppresses a warning. To be fair, what I think the appellees were referring to, I don't remember which, perhaps both, was the second paragraph of the claim language in which the substantial correspondence to a notification coordinate was referred to. Yes, and that's right, because what that means is you are in the notification region. It's expressed in terms, I think somewhat awkwardly actually, in terms of a notification coordinate as opposed to the notification region. But you have to pass one of these coordinates to get into the region, and that's what the maximum obstruction distance does. He's right. It suppresses the warning outside. That's why it's a notification region. You can't get notification outside of that region under normal circumstances in their systems. And that's why what they download is all you need to meet the claim. Yes, you can adjust where within the region, which NIM does very well. You get that warning, but it's in the region that is defined by what's downloaded. Now, Mr. Belusco said you have to trigger at the maneuver point. Well, first of all, you don't. The claim doesn't say each and every coordinate has to trigger. It just says any coordinate must substantially correspond to the mobile unit. It doesn't say each and every. They're reading that in. But even if it did trigger at the maneuver point, he says, oh, going down the freeway. Well, he knows that this is his device. It's not OnStar like it's in a car. You can walk with this. I walked with it the other night, and it triggered just as I was getting to K Street. It said turn left on K. You used an infringing device? I did. Fair use, Your Honor, experimental use. But you're walking slow. You're at a stop sign. You're stopped. Nothing wrong with getting the warning right there. And the district court misunderstood. The purpose of the invention is to give that warning in a region. You hope that you get the warning early. The preferred embodiment is upon entry. But satellites are man-made, and they fail, and you may need that warning. And the key is better late than never. Thank you, Your Honor. The case is submitted. All rise.